# Amos *v.* The State.

*Prosecution for Obtaining Goods under False Pretenses.*

1. *Obtaining goods under false pretenses; admissibility of writing in evidence.*—On the trial of a defendant who is charged with obtaining goods by falsely pretending that he had money in the hands of a certain person, where the person from whom the goods were obtained testified that he wrote to the person in whose hands the defendant claimed to have money and received a postal card from such person saying he had no money belonging to the defendant, and the prosecutor further testified that he handed the postal card to the defendant who, on reading it, admitted he had lied about having the money in said person's hands, such postal card is admissible in evidence as explaining the defendant's admission.

2. *Same; proof of commission of offense.*—Where a defendant is charged with obtaining goods by falsely pretending that he had money in the hands of one M., the county superintendent of education of a certain county, in order to prove the commission of the offense charged, it is not necessary to show that said M. continued in office as such county superintendent up to the time the goods were obtained; the designation of county superintendent in such instance being merely descriptive of the person.

[Amos v. The State.]

3. *Charge to the jury; presumption of innocence.*—On the trial of
   a criminal case, a charge asserts a correct proposition which
   instructs the jury that "the legal presumption of innocence is
   to be regarded by the jury in every case as a matter of evi-
   dence to the benefit of which the accused is entitled; and as a
   matter of evidence it attends the accused until his guilt is,
   by the evidence, placed beyond a reasonable doubt;" and the
   refusal to give such charge is erroneous and will work a re-
   versal of a judgment of conviction.

4. *Same; reasonable doubt; argumentative charge.*—A charge is
   properly refused as being argumentative, which instructs the
   jury that "Before the jury can convict the defendant they
   must be satisfied to a moral certainty not only that the proof
   is consistent with the defendant's guilt, but that it is wholly
   inconsisent with every other rational conclusion, and unless
   the jury are so convinced by the evidence of defendant's guilt
   that they would each venture to act upon that decision in
   matters of highest concern and importance to his own in-
   terest, then they must find the defendant not guilty." (*Bur-
   ton v. State,* 107 Ala. 108, and *Brown v. State,* 108 Ala. 18, over-
   ruled in so far as they hold that such charge is correct.)

APPEAL from the County Court of Bibb.

Tried before the Hon. WILLIAM L. PRATT.

The appellant, William Amos, was prosecuted and
convicted under a complaint which charged that the said
"Wm. Amos did falsely pretend to C. W. Brand, with
intent to defraud that he had money in hands of J. W.
Moore, county superintendent of education of Chilton
County in said State, and by means of such false pre-
tense, obtained from said C. W. Brand merchandise to
the amount of eighteen 78-100 dollars, against the peace
and dignity of the State of Alabama."

On the trial of the cause the State introduced C. W.
Brand as a witness who testified that on October 17,
1898, the defendant came to him and told him that he
had some money in the hands of J. W. Moore, about fifty
dollars, which was due him for a school he had taught in
Chilton county, and that he, the defendant, wanted some
goods; that thereupon on such representation, the wit-
ness let the defendant have on that day goods amounting
to five or six dollars, and after that day, he paid orders
drawn by the defendant on him to the amount of three
or four dollars. Upon this witness further testifying

that he communicated with Mr. Moore, whom the defendant said had money belonging to him, the solicitor asked said witness whether or not he received a postal card from Mr. Moore about money due the defendant. To this question the defendant objected upon the ground that it was irrelevant, immaterial and illegal, and that no predicate had been laid for the introduction of such evidence. The court overruled this objection, and the defendant duly excepted. Upon the witness being handed a postal card, he identified it as the one received from Moore, and further testified that the defendant was in his store at the time said card was received; that after reading it, he told the defendant that Moore stated on said card that he did not owe the defendant anything, and then handed the card to him; "that when the defendant read the card he said: 'Mr. Brand I have lied to you about this matter, but please give me a chance.'" The defendant objected to this testimony, on the ground that it was illegal, irrelevant and incompetent, and that no predicate had been laid for the introduction thereof. The court overruled the objection, and the defendant duly excepted. Thereupon the court, against the objection and exception of the defendant, allowed the State to introduce in evidence said postal card, which was dated Clanton, Alabama, October 20, 1898, and which was addressed to C. W. Brand. Said postal card was in words and figures as follows: "Dear Sir:—Your letter of recent date received, and in reply will say, that I have no money in my hands belonging to William Amos and have had none since July 1st, 1898. Respectfully, J. W. Moore"

J. W. Moore, as a witness for the State, testified that he was superintendent of education in Chilton county until September 30, 1898; that after that time he was not such superintendent, and that on October 17, 1898, he had no money in his hands belonging to the defendant, and had had none in his hands after July 1, 1898, at which time he had a settlement with the defendant.

The evidence for the defendant tended to show that he did not make the representation as testified to by the witness Brand, but stated to him, that he expected to get some money which he had earned.

[Amos v. The State.]

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that, if they believe the evidence, they should find the defendant not guilty." (2.) "Gentlemen of the jury, I charge you that the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence to the benefit of which the accused is entitled; and as a matter of evidence it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt." (3.) "The court charges the jury that if J. W. Moore was not superintendent of education for Chilton county on October 17, 1898, they should acquit the defendant." (4.) "Before the jury can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of highest concern and importance to his own interest, then they must find the defendant not guilty."

ELLISON & THOMPSON, for appellant.—The court erred in admitting the postal card in evidence.—*Hightower v. Ogletree*, 114 Ala. 95.

The court erred in refusing to give charge numbered 2 requested by the defendant.—*Bryant v. State*, 116 Ala. 446; *Newsom v. State*, 107 Ala. 134.

The 4th charge requested by the defendant should have been given.—*Brown v. State*, 108 Ala. 20; *Burton v. State*, 107 Ala. 110.

CHAS. G. BROWN, Attorney-General, for the State. The objection to the testimony in reference to the postal card and the motion to exclude the same are not well taken. The matter of the receipt and contents of the card was but incidental to the admission of defendant that he had lied to Brand. And if the testimony was inadmissible in the first instance, it was cured by the sub-

sequent testimony of the defendant and of Brand and Moore.—*Lawson v. State*, 20 Ala. 66.

SHARPE, J.—There was no error in allowing the witness Brand to testify to the receipt of the postal card from Moore saying he had no money belonging to defendant. Standing alone the card would have been only the hearsay statement of Moore and as such inadmissible. But in connection with the other evidence tending to show that the defendant upon reading it virtually admitted its contents by saying that he had lied about having money in Moore's hands, the card was clearly admissible as giving point and meaning to the admission. Admission of criminating facts by a defendant and likewise statements made to a defendant respecting his guilt and not denied by him, when the circumstances are such as to naturally call for a denial in response, are admissible in evidence, though such evidence should be received with caution.—*Lawson & Swinney v. State*, 20 Ala. 65.

The complaint did not charge as a fact that Moore was the county superintendent of education. The material misrepresentation charged to the defendant and upon which Brand could well have relied was that he had money in the hands of Moore. The designation of Moore as the county superintendent of education, whether treated as a statement of the pleading or of the defendant, was made merely as descriptive of the person. It was not necessary to show Moore's continuance in office in order to make out the commission of the offense.

Charge 2 refused to the defendant should have been given. One precisely similar was held good in *Bryant v. State*, 116 Ala. 446, and that charge was based upon and its correctness is sustained by the opinion in *Newsom v. State*, 107 Ala. 133.

Charge 4 is a literal copy of instructions held correct in *Burton v. State*, 107 Ala. 108, and in *Brown v. State*, 108 Ala. 18, but which was in the later case of *Rogers v. State*, 117 Ala. 9, condemned as being argumentative. We adhere to the opinion rendered in the last mentioned case and the contrary opinion expressed in

[Roberson v. The State.]

*Burton's Case* and in *Brown's Case, supra,* must be over-ruled.

For the error in refusing charge 2 the judgment of the county court will be reversed and the cause remanded.

Reversed and remanded.