# Harris *v.* The State.

*Prosecution for Assault and Battery.*

1. *Assault and battery; evidence of physical condition of person assaulted admissible.*—In a prosecution for assault and battery, it is competent to prove the physical condition of the person assaulted at the time of the commission of the assault and battery charged.

2. *Same; self-defense.*—In a prosecution for an assault and battery where it is shown that although the defendant did nothing to bring about the difficulty, she entered willingly into such difficulty, she can not set up self-defense, and is guilty of an assault and battery if she struck the person assaulted in a mutual combat, or if she struck a blow after the necessity to strike had passed; and in such a case, charges which do not negative the willingness of the defendant to enter into the difficulty, are properly refused.

3. *Presumption of innocence; charge to the jury.*—On the trial of a criminal case, a charge asserts a correct proposition of law which instructs the jury that "the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence to the benefit of which the accused is entitled, and as a matter of evidence it attends the accused until his guilt is, by the evidence, place.. beyond all reasonable doubt;" and the refusal of the court to give such charge at the request of the defendant constitutes a reversible error.

APPEAL from the County Court of Bibb.

Tried before the Hon. WILLIAM L. PRATT.

The appellant, Minnie Harris, was prosecuted and convicted under a complaint charging her with an assault and battery upon Rachel Duff.

Rachel Duff, a witness for the State, testified that within twelve months before the making of the affidavit in this case, she had a difficulty with the defendant in Bibb county; that while she was at a well getting water, the defendant, with other people, was passing by the well on the opposite side of a fence in the defendant's field; that she spoke to the defendant and said she did not like the way the defendant had been talking about her; that thereupon she and the defendant got into a quarrel, and as she, the witness, was getting over the fence to go to where the defendant was, the defendant struck her with a stick and then took hold of the witness and threw her down and choked her. Thereupon the solicitor asked witness: "What was your physical condition at that time?" Witness misunderstanding the question, the solicitor asked: "Were you or not pregnant at the time of the difficulty?" To this question defendant objected upon the following grounds: 1st. That it was irrelevant, immaterial, illegal and incompetent: 2d. That it was not competent because witness's evidence showed that she (witness) was the aggressor. The court overruled said objection and the defendant then and there separately and severally excepted. The witness answered that she was in an advanced state of pregnancy at the time of the difficulty. Defendant moved to exclude this answer from the jury, upon the same grounds as stated in the objection. The court refused said motion and allowed said testimony to go to the jury, and the defendant then and there duly, separately and severally excepted. The State introduced as a witness, Emanuel Duff, the husband of Rachel Duff, who testified to substantially the same facts that Rachel Duff testified to.

The evidence for the defendant tended to show that the defendant did not strike Rachel Duff as she was getting over the fence, and did not strike or make any assault upon her until after Rachel Duff had struck the defendant with a stick; that the defendant then took hold of Rachel Duff and threw her down and held her until she was told to get off of her, which she immediately did.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the refusal of the court to give each of them as asked : (1.) "If the jury believe from the evidence that defendant struck Rachel Duff after Rachel Duff struck her, then she was justified." (2.) "If the jury believes from the evidence that the defendant was rightfully on the place where the difficulty occurred and was attacked by Rachel Duff while there, then defendant was authorized by law to repel force by force, and to protect herself against any assault which she did not herself bring about." (3.) "Gentlemen of the jury, the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence, to the benefit of which the accused is entitled; and as a matter of evidence it attends the accused until his guilt is by the evidence placed beyond all reasonable doubt." (4.) "Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that proof inconsistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty."

ELLISON & THOMPSON, for appellant.—The court erred in its rulings upon the evidence.—*Rogers v. State,* 62 Ala. 170; 3 Brick. Dig. 283, § 520; *Cates v. State,* 50 Ala. 166.

The court erred in refusing to give the 1st and 2d charges requested by the defendant.—*Howell v. State,* 79 Ala. 284; *People v. Pearl,* 15 Amer. Rep. 304.

The 3d charge requested by the defendant asserted a correct proposition of law and should have been given. *Newsom v. State,* 107 Ala. 134; *Bryant v. State,* 116 Ala. 446.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—There was no error in allowing the prosecuting witness to testify to her physical condition at the

time of the alleged assault and battery by the defendant upon her.

Charges 1 and 2 refused to the defendant do not negative the willingness of the defendant to enter into the fight. She may not have done anything to have brought about the difficulty, and yet she would be guilty of an assault and battery if she struck the prosecuting witness in a mutual combat, or if she struck a blow after the necessity to strike had passed.—*Howell v. The State,* 79 Ala. 284.

Charge 3 requested by the defendant was copied from a charge in the case of *Bryant v. State,* 116 Ala. 446, where it was held to assert a correct proposition of law on the authority of *Newsom v. The State,* 107 Ala. 134. The court erred in refusing it.

Charge 4 refused to the defendant as it apepars in the record is unintelligible. This may have grown out of a mistake in copying it. However, we do not know this to be true and must pass upon its sufficiency as it appears in the record. There was no error in refusing it.

For the error pointed out the judgment is reversed and the cause remanded.