(75 South. 463)

SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. HACKWORTH. (8 Div. 893.)

(Supreme Court of Alabama. April 26, 1917. Rehearing Denied May 24, 1917.)

1. INSURANCE ☞817(3)—ACTION ON POLICY —SUICIDE—EVIDENCE.

In an action on a life policy, burden is on defendant to sustain plea of suicide.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1999.]

2. TRIAL ☞143—CONFLICTING EVIDENCE— QUESTION FOR JURY.

Where there is a conflict in the evidence upon any material fact, or where the evidence reasonably affords conflicting inferences, the question is for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343.]

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Action by Nannie E. Hackworth, guardian, etc., against the Sovereign Camp, Woodmen of the World. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. H. Roquemore, of Montgomery, and J. H. Branch, of Tuscumbia, for appellant. E. B. Almon and Walter H. Williams, both of Tuscumbia, and Andrews & Peach, of Sheffield, for appellee.

ANDERSON, C. J. [1, 2] While the burden of proof was on the defendant to prove its special plea of suicide, we think that the burden was met by the undisputed evidence, and that there were no reasonable inferences to the contrary. The direct and positive evidence shows that the insured shot himself intentionally, but the theory of the plaintiff is that he did not do so, but was murdered by his wife and her brother, one or both. We of course appreciate the rule of law that wherever there is a conflict in the evidence upon any material fact, or where the evidence reasonably affords conflicting inferences, the question should be submitted to the jury. This rule, however, applies to reasonable inferences, and not mere conjectures and speculations, and to hold that the evidence tended to show that the insured was murdered by his wife and her brother, one or both, would be but to indulge in a mere conjecture or speculation, and we think that the trial court erred in refusing the general charge requested by the defendant.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.