(87 South. 620)

Ex parte SOVEREIGN CAMP, W. O. W.

SOVEREIGN CAMP, W. O. W. v. DENNIS.

(4 Div. 914.)

(Supreme Court of Alabama.   Feb. 10, 1921.)

**I. Certiorari ⬡68—Determination of fact not reviewable.**

The Court of Appeal's determination that a question of fact was for the jury under the evidence, and that the trial court did not err in refusing the general affirmative charge for defendant on such question, is not reviewable by the Supreme Court on certiorari.

**2. Evidence ⬡86, 87—Presumption of innocence not one of law, but merely evidentiary.**

The presumption of innocence is not a presumption of law, but is evidentiary only.

Certiorari to Court of Appeals.

Petition of the Sovereign Camp of the Woodmen of the World, for certiorari to the Court of Appeals, to review and revise the judgment rendered on the appeal of Sovereign Camp, Woodmen of the World, v. Mrs. L. A. Dennis, 17 Ala. App. 642, 87 South. 616. Writ denied.

C. H. Roquemore, of Montgomery, for appellant.

Counsel discuss the points made in his application, but in view of the opinion it is not deemed necessary to set same out.

W. L. & R. S. Parks, of Troy, for appellee.

Counsel insist that the matters sought to be reviewed are conclusions of fact reached by the appellate court, and that in view of the former rulings of the Supreme Court they will not be reviewed on application for certiorari.

McCLELLAN, J. [I, 2] The writ sought is denied; none of the grounds asserted therefor, and reviewable here, being well taken,

This court has repeatedly held that conclusions of fact attained by the Court of Appeals will not be reviewed on petition for certiorari 13 Michie's Ala. Dig. p. 433, noting some only of the many decisions to this effect. This court, therefore, declines to review the conclusion of fact attained by that court in deciding that the issue whether insured was accidentally killed or took his own life was a question for the jury to determine, and hence that the trial court did not err in refusing the general affirmative charge for defendant (appellant there) upon the issue indicated. This court expresses no approval or disapproval of the decision of the Court of Appeals on the issue mentioned, declining, under the stated rule, to consider the matter. The presumption of innocence, upon which that court mainly rests its conclusion that the solution of this issue was a jury question, is not a presumption of law, as said in one place in the opinion of the Court of Appeals. It is evidentiary only. In Freeman v. Blount, 172 Ala. 662-664, 55 South. 293, the nature and effect of the presumption of innocence is stated and the authorities noted.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.