## NEW YORK LIFE INS. CO. v. TURNER.
### (2 Div. 852.)

(Supreme Court of Alabama. May 28, 1925.)

1. **Insurance ⬮662(1)—Admission as evidence of notice of death of claimant's statement held not objectionable, as being only part of proof of death.**

In suit on life insurance policy, where defense was suicide, admission as evidence of notice of death, of claimant's statement in form provided by insurer, *held* not objectionable, on ground that it appeared on face of paper to be only a part of proof of death.

2. **Insurance ⬮640(4)—Defense predicated on failure to furnish proof in form stipulated in policy must be by special plea.**

In suit on life insurance policy, if defense is predicated on failure or refusal to furnish proof in form stipulated in policy, it must be by special plea.

---

⬮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. Appeal and error ⚖=1052(2)—Any error in admitting proof of death of insured by piecemeal held harmless.

In suit on life insurance policy, any error in admitting part of proof of death was harmless, where other proofs were later offered.

4. Insurance ⚖=558(6)—Insurer waived any question of form of proof of death by passing on claim and offering payment as for suicide.

Where insurer took notice of claim, passed on it without objection to sufficiency of proof, and offered to pay amount admitted to be due in case of death by suicide, it waived any question of form of proof.

5. Appeal and error ⚖=1061(4)—Refusal to direct general verdict for defendant in action on insurance policy held not reversible error.

In suit on life insurance policy, refusal to direct a general verdict for defendant *held* not reversible error, where in all events plaintiff was entitled to recover under terms of policy amount of premiums paid by insured.

6. Insurance ⚖=668(12) — Question of self-destruction of insured held for jury.

In suit on life insurance policy, question of self-destruction *held* for jury.

7. Evidence ⚖=59—Presumption is against intentional taking of one's own life.

Without evidence of insanity, presumption is against intentional taking of one's own life.

8. Evidence ⚖=89—Jury need only be reasonably satisfied to overcome presumption.

When a presumption is to be overcome, in civil case, jury, giving due weight thereto in light of judgment and experience, and in connection with the whole evidence, need only be reasonably satisfied.

9. Evidence ⚖=89, 265(2) — Presumption against suicide not overcome by verdict of coroner's jury; admission in proof of death submitted to insurer not conclusive.

Presumption against suicide is not overcome by verdict of a coroner's jury, and admission of suicide in proof of death, submitted to insurer, is not conclusive.

10. Appeal and error ⚖=930(1)—Strong presumption indulged in favor of jury's verdict.

There is a strong presumption indulged in favor of jury's verdict on oral testimony of witnesses seen and heard by them, followed by decision of trial judge refusing to disturb verdict.

11. Appeal and error ⚖=930(1)—Presumption cumulative, where supported by verdicts of two juries on separate trials.

Presumption in favor of verdict was cumulative, where finding was supported by verdicts of two juries on separate trials, and sustained after two hearings by trial judge.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Action on a policy of life insurance by Beulah G. Turner against the New York Life In-

surance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

R. P. Roach and V. R. Jansen, both of Mobile, for appellant.

Plaintiff's statement or proof of death was erroneously admitted. 22 C. J. 905; Norris v. Hartford Fire Ins. Co., 57 S. C. 358, 35 S. E. 572; Cady v. Travelers' Ins. Co., 93 Neb. 634, 142 N. W. 107. Defendant was due the affirmative charge. Hicks v. Burgess, 185 Ala. 584, 64 So. 290; Stockburger v. Aderholt, 195 Ala. 56, 70 So. 157; Standard Oil Co. v. Douglass, 18 Ala. App. 625, 93 So. 286; Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Grand Frat. v. Melton, 102 Tex. 399, 117 S. W. 788. Motion for new trial should have been granted. Amer. Nat. Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502.

Gray & Dansby, of Butler, and James J. Mayfield, of Montgomery, for appellee.

An offer by an insurance company to pay a loss, except as to certain items for certain assigned reasons, is a waiver of all other reasons. Fire Ins. Co. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 1 So. 202; Capital City Ins. Co. v. Caldwell, 95 Ala. 77, 10 So. 355. Failure to furnish proof of death is not available under the general issue. Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 So. 72. The affirmative charge was properly refused to defendant. N. Y. Life Ins. Co. v. Turner, 210 Ala. 198, 97 So. 687. The law presumes against suicide. 14 R. C. L. 1235, 1237; Standard L. I. Co. v. Thornton, 100 F. 582, 40 C. C. A. 564, 49 L. R. A. 116; Sov. Camp v. Dennis, 17 Ala. App. 642, 87 So. 616. The trial court correctly overruled the motion to set aside the verdict. Cobb v. Malone, 92 Ala. 630 9 So. 738.

BOULDIN, J. The suit is upon a policy of life insurance. For decision on former appeal, see New York Life Ins. Co. v. Turner, 210 Ala. 197, 97 So. 687.

The case went to the jury on pleas of the general issue, a special plea setting up a breach of the suicide clause, and plea of tender of return premiums due under the terms of that clause.

[1, 2] There was no error in admitting, as evidence of notice of death, the claimant's statement in form provided by the insurer. It was not objectionable on the ground that it appeared on the face of the paper to be only a part of proofs of death, along with other statements called for therein. Under the issues, the burden was on plaintiff merely to show notice of death. If a defense is predicated upon failure or refusal to furnish proof in form or substance as stipulated in the policy, it must be by special plea. Manhattan

Life Ins. Co. v. Verneuille, 156 Ala. 592, 598, 47 So. 72.

[3] The other proofs referred to were later offered, and defendant had the benefit of the disclosures therein touching the cause of death, and error, if any, in admitting same by piecemeal, was harmless.

[4] Again, it is without dispute that the insurer took notice of the claim, proceeded to pass upon it without objection to the sufficiency of proof, and offered to pay the amount admitted to be due in case of death by suicide. This was a waiver of any question of form of proof. Fire Insurance Cos. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 1 So. 202; Capital City Ins. Co. v. Caldwell Bros., 95 Ala. 77, 10 So. 355.

[5] In all events, the plaintiff was entitled to recover under the terms of the policy the amount of premiums paid by the insured. If, under the undisputed evidence, this was the limit of the amount recoverable, an affirmative charge directing a general verdict for defendant was at least misleading, and its refusal not reversible error. The charge should direct a special verdict for defendant on its plea of tender, or that plaintiff was entitled to recover no more than the amount of premiums paid, in case the plea of tender was not sustained.

[6] But, aside from the form of the instructions requested, the evidence made a case for the jury upon the plea of self-destruction. It was so held on former appeal. We have compared the testimony in the two records, and find no substantial difference in the quantum or character of evidence on that issue. We adhere to that view upon a careful review of the evidence now presented.

A graver question is presented upon the motion for new trial upon the ground that the verdict was opposed to the weight of the evidence on the plea of suicide. We have made a careful study of the evidence in the record, in connection with briefs of counsel, and in the light of the presumptions to be indulged in reviewing the verdict of a jury upon circumstantial evidence not wholly free from conflict. The question is not free from difficulty.

[7] An adequate review of the evidence would unduly extend this decision, with no good result. Without evidence of insanity, the presumption is against the intentional taking of one's own life. We have held this a presumption of fact, rather than of law. The law, however, treats the presumption as an evidential fact as in case of the presumption of innocence of crime. A recognized basis of the presumption is that suicide is esteemed criminal in law. All such presumptions rest primarily upon common knowledge of the impulses and normal conduct of men. The love of life is an inherent natural desire. To voluntarily take one's own life is to run counter to every natural sane impulse. When suspected we naturally look for some abnormal state or condition of mind leading to an act so desperate.

[8] It is often stated in the books that to overcome the presumption the evidence must be clear and satisfactory. We have approved the rule of only one measure of proof in civil cases, viz. the reasonable satisfaction of the jury. When a presumption is to be overcome, the jury, giving due weight to the presumption in the light of judgment and experience, and in connection with the whole evidence, must be reasonably satisfied. This rule is applicable here. Sovereign Camp, W. O. W., v. Dennis, 17 Ala. App. 642, 87 So. 616; Ex parte Sovereign Camp, W. O. W., 205 Ala. 316, 87 So. 620; 2 Bacon Life & Accident Ins. §§ 438, 439; 14 R. C. L. § 417, p. 1237.

[9] The presumption against suicide is not overcome by the verdict of a coroner's jury; and an admission in the proofs of death submitted to the insurer is not conclusive. 25 Cyc. 930.

[10] The strong presumption indulged in favor of the verdict of a jury upon oral testimony of witnesses, seen and heard by them, followed by the decision of the trial judge refusing to disturb the verdict, has been so clearly stated, with the grounds thereof, in the leading case of Cobb v. Malone, 92 Ala 630, 9 So. 738, that nothing needs to be added

[11] In the cause before us the finding against suicide is supported by the verdicts of two juries on separate trials, and sustained after two hearings by the trial judge. The presumption is cumulative in such case. Nashville, C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 350, 351, 70 So. 7; Southern R. Co. v. Morgan, 178 Ala. 591, 59 So. 432.

Taking the evidence in this record, it is strongly persuasive that the deceased came to his death from carbolic acid poison taken with suicidal intent. This was clearly the accepted view at the time of his death. It is supported by circumstances surrounding his death and some antecedent facts. But, as against this, there is evidence, not subject to serious doubt, that deceased had been using carbolic acid for toothache, and bought it for that ostensible purpose. The presence of burns on the lips, tongue, and gums may be accounted for by use of it as a local application for toothache. The direct evidence of Dr. Rudder and Dr. Alman and the druggist, Pruitt, that examination was made of the throat, and no evidence of carbolic acid burns there found, but that all such burns were on anterior portions of the mouth, presented a real substantial issue. The expressed opinion that the death was due to poison or heart failure, with some evidence indicating a predisposition toward the latter ailment, and evidence by plaintiff, though belated, showing symptoms of high blood pressure, afford further matters of debate. The reliabil-

ity of the witnesses, as tested by their manner and personal appearance, and any variance from statements of first impression, could not fail to become an inquiry in the minds of the jury. In view of the presumptions, we should indulge in the matter, and the fact that it is strictly a jury question, we will not disturb the verdict.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.