(114 So. 72)

**BURK v. STATE. (7 Div. 758.)**

Supreme Court of Alabama. June 18, 1927.

Rehearing Denied Oct. 27, 1927.

1. Criminal law ⬤➜308, 811(2)—Presumption of innocence attends accused as matter of evidence, and is sufficient for acquittal, unless overcome by evidence; but refusal to so charge held not reversible error where burden of state to overcome such presumption was singled out by request.

The presumption of innocence attends the accused as a matter of evidence, and is sufficient in itself to authorize acquittal, and may be overcome only by evidence convincing the jury beyond a reasonable doubt of the defendant's guilt; but refusal to so charge is not reversible error where requested instruction singled out burden of state to overcome presumption of innocence.

2. Criminal law ⬤➜308—Presumption of innocence may be overcome by evidence, produced by state, or defendant.

The presumption of innocence which attends accused as a matter of evidence until overcome may be overcome by evidence, whether produced by the state, or by the accused.

Anderson, C. J., dissenting.

Certiorari to Court of Appeals.

Petition of Clarence Burk for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Burk v. State, 114 So. 71. Writ denied.

Charge 8, refused to defendant, is as follows:

"(8) The presumption of innocence attends the accused as a matter of evidence, and is sufficient in itself to authorize the acquittal of defendant, and, to displace this presumption of innocence, the state is required to offer evidence that convinces you beyond all reasonable doubt as to the guilt of defendant."

Hugh Reed, of Center, for appellant.

Charge 8 correctly states the law. It was not covered by any other charge, and its refusal was error. Jaco v. State, 20 Ala. App. 559, 103 So. 917.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

ANDERSON, C. J. [1] Charge 8, refused the defendant, states the law, and should have been given, and the Court of Appeals improperly held that its refusal by the trial court was not error. Amos v. State, 123 Ala. 50, 26 So. 524; Bryant v. State, 116 Ala. 446, 23 So. 40; Newsom v. State, 107 Ala. 133, 18 So. 206; Neilson v. State, 40 So. 221.[1]

The other portions of the opinion of the Court of Appeals attacked by the petitioner are either free from error, or are not reviewable by this court under the often cited

and approved case of Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

[2] The majority think that the writ should be denied., They concede the soundness of the legal proposition asserted in charge 8, but think it wrong in requiring the state to overcome the presumption of innocence alone; that is, the presumption continues until overcome by the evidence, whether produced by the state, or defendant. They also concede that the words to which they object in charge 8 were, in effect, embraced in so much of charge 8 in the case of Newsom v. State, 107 Ala. 133, 18 So. 206, as was approved in the opinion in said case, but, while not complaining of the legal principle laid down in the opinion, think that said case should be qualified to the extent that the refusal of a charge as here involved was reversible error. The writer thinks that the charge here involved was, in effect, approved in the Newsom Case, supra, which was decided over 30 years ago, and has been often cited and approved in numerous decisions.

Writ denied.

All Justices concur, except ANDERSON, C. J., who thinks the writ should be awarded.

