(117 So. 425)

**ALABAMA POWER CO. et al. v. WATTS.
(8 Div. 970.)**

Supreme Court of Alabama. June 7, 1928.

Rehearing Denied June 28, 1928.

ANDERSON, C. J. It may be conceded, only for the purpose of deciding this case, 'that Grubb was acting as the agent or servant for the defendant power company in delivering the outgoing mail to the post office and that to this extent the doctrine of respondeat superior prevailed. Yet the undisputed evidence shows that the relationship terminated after that time, that he did not get the incoming mail and had no intent or purpose to return to the place of business of the power company that afternoon, and that, when the injury to the plaintiff occurred, Grubb was acting on his own behalf and not for the power company. He left the post office to go to his home, first taking his companion to his home. The plaintiff utterly failed to meet the burden of proof, placed upon him by the law, of showing that Grubb was the agent or servant of the power company acting within the line or scope of his employment at the time of the injury. , Patterson v. Milligan, 12 Ala. App. 324, 66 So. 914; Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Tullis v. Blue, 216 Ala. 577, 114 So. 185. We, of course, recognize the rule that the general charge should not be given for either party when there is a conflict in the evidence upon material facts or where the inferences create a conflict, but this means reasonable inferences, not mere speculations or conjectures. The fact that Grubb sometimes got the incoming mail and returned with it when he carried the outgoing mail to the post office cannot create a reasonable inference that he had gotten the mail that afternoon and was returning with it to the place of business of the power company, in view of the positive evidence of Grubb and Holder to the contrary.

 As this suit was originally brought against the Alabama Power Company and Grubb was made a party thereto by a subsequent amendment, and as the power company was entitled to the general charge, so was Grubb; otherwise there would be an entire change of parties in violation of our statute as to amendments. Roth v. Scruggs, 214 Ala. 32, 106 So. 182; Thomas v. Saulsbury, 212 Ala. 245, 102 So. 115; Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576.

R. E. Smith and Watts & White, all of Huntsville, for appellee.

The trial court erred in refusing the general charge requested by the defendants, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.