(128 So. 383)

**MUTUAL LIFE INS. CO. of NEW YORK v. MADDOX.**

**6 Div. 456.**

Supreme Court of Alabama.

April 3, 1930.

Rehearing Denied May 22, 1930.

W. Douglas Arant and W. M. Neal, both of Birmingham, Frederick L. Allen, of New York City, G. M. Holmes, of Aberdeen, Miss., Bradley, Baldwin, All & White, of Birmingham, and J. C. Milner, of Vernon, for appellant.

R. G. Redden and O. E. Young, both of Vernon, for appellee.

FOSTER, J.

The issue of fact tried by a jury in this case was whether insured committed suicide. He was killed by a pistol shot. No one saw the act. The proof tending to show suicide was entirely circumstantial. The court

charged the jury that there was a presumption against suicide. It refused a special written charge to the effect that "such presumption is not evidence and cannot be treated as evidence by the jury in reaching a verdict." It is urged by appellant that this court give careful consideration to this question and follow in line with the weight of modern authority to the effect that the particular presumption referred to, that of innocence of crime, is of the same nature as other presumptions, which this court has denominated administrative and not evidentiary in nature and spend their force when evidence is offered; that the office of such presumption is to shift the burden of going forward with the evidence. This court has adopted that theory of the effect of certain presumptions not relating to crime nor other acts of moral turpitude. We have recently had occasion to refer to such presumption, which we have called administrative in nature and have no evidentiary force. Cruse-Crawford Mfg. Co. v. Rucker (Ala. Sup.) 123 So. 897;[1] Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429.

But, following a statement in Greenleaf on Evidence as to the presumption of innocence that "this legal presumption of innocence is to be regarded by the jury in every case as matter of evidence, to the benefit of which a party is entitled" (1 Greenleaf, § 34), this court has in many criminal cases adopted and approved this language. We cite a few of them as follows: Newsom v. State, 107 Ala. 133, 18 So. 206; Amos v. State, 123 Ala. 50, 26 So. 524; Harris v. State, 123 Ala. 69, 26 So. 515; Bryant v. State, 116 Ala. 445, 23 So. 40; Burk v. State, 216 Ala. 655, 114 So. 72.

■ It has also applied the same legal effect of the presumption of innocence to civil cases where relevant. Freeman v. Blount, 172 Ala. 655, 55 So. 293; Ex parte Sov. Camp, W. O. W. (In re Dennis) 205 Ala. 316, 87 So. 620; New York Life Ins. Co. v. Turner, 213 Ala. 286, 104 So. 643. The burden in a civil case to overcome the presumption is reasonable satisfaction from the whole evidence, giving due weight to the presumption in the light of judgment and experience. N. Y. Life Ins. Co. v. Turner, supra.

There was therefore merely an application of this presumption to civil cases, with only a different degree of the burden necessary to overcome it. Our Newsom Case, supra, was expressly founded upon the statement copied above from Greenleaf, and the sanction of that statement in Coffin v. U. S., 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481. The subsequent reaffirmation of the doctrine in Freeman v. Blount, supra, and in Warren v. State, 197

[1] 220 Ala. 101.

Ala. 313, 323, 72 So. 624, is also based upon Greenleaf and the Coffin Case. It is said in the case of Freeman v. Blount, supra, that there is no reflection on this doctrine in Agnew v. U. S., 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624. In the latter case the court refused to give a charge that "such presumptions are treated as evidence." The court approved the doctrine of the Coffin Case, but found that the charge had in effect been given. The same was true in Holt v. U. S., 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138, decided in 1910. In Kirby v. U. S., 174 U. S. 47, 19 S. Ct. 574, 43 L. Ed. 890, the doctrine of the Coffin Case was reaffirmed.

Prof. Thayer of Harvard University has carefully treated this presumption and its effect as evidence, and pointed out the supposed fallacies in the opinion in the Coffin Case. Thayer Treatise on Ev. 314, appendix B, p. 551. Prof. Wigmore, in 5 Wigmore on Ev. (2d Ed.) p. 505, refers to this criticism of the Coffin Case, and so does Jones on Evidence, vol. 1 (2d Ed.) § 31, p. 60. Both of these authors seem to agree with the criticism of the principle of the Coffin Case as made by Thayer. They all cite Alabama as maintaining the doctrine of that case; and we have shown that it does.

In Commonwealth v. De Frances Co., 248 Mass. 9, 142 N. E. 749, 750, 34 A. L. R. 937 (1924), on this subject it is stated that "the presumption of innocence never has been held to be evidence in that commonwealth. It expressly was held that the 'presumption of innocence is not a matter of evidence' in Commonwealth v. Sinclair, 195 Mass. 100, 80 N. E. 799, 11 Ann. Cas. 217." The opinion states that the positive statement in the Coffin Case, supra, to the contrary of the holding was narrowed in the Agnew and Holt Cases, supra, by the Supreme Court of the United States. But such cases in fact do not in the least narrow the doctrine as we view it, but merely decline to reverse for a refusal to charge as there stated, when its effect had already been charged fully by the court. In a note in 34 A. L. R. 942, it is said that a majority of the cases and the better reasoned ones take the position that the presumption of innocence is not evidence, citing California, Connecticut, Florida, Illinois, Iowa, Kansas, Massachusetts, Oklahoma, Rhode Island, and Texas as adopting that view. A review of the cases in those states is given in the notes. Whereas on page 945, reference is made to the fact that a number of states take the view asserted by Greenleaf, and in the Coffin Case, supra, that such presumption is evidence. The notes cited Alabama, Arkansas, Georgia, Idaho, Nebraska, Vermont, as the states so holding, and review the authorities from those states. But it is stated in some of the cases cited on page 949 that it is held not to be reversible error to refuse a

charge that the presumption is *evidence* when the court has instructed the jury in effect, that the law presumes the defendant innocent and that the presumption continues throughout the trial, because it is a sufficient statement of the rule.

There are some recent cases which adopt the criticism of the Coffin Case, supra, and have applied such modified doctrine to the presumption against suicide in insurance cases. W. O. W. v. Alexander (Tex. Civ. App.) 239 S. W. 343; Griffith v. Continental Cas. Co., 299 Mo. 426, 253 S. W. 1043; 6 Cooley's Briefs on Ins. (2d Ed.) 5457, 5458.

▮ We think that the decisions of this court firmly fix the rule as stated by Greenleaf and in the Coffin Case as the law of this state. We cannot therefore apply to the presumption of innocence, either in a criminal or civil case, the mere administrative features of those presumptions intended only to shift the burden of proceeding with the evidence. We think this presumption of innocence is a substantive right and not merely a technical incident of the trial wrought for administrative purposes, and that it should at no time be treated as having spent its force until the evidence is sufficient in the judgment of the jury to overcome it. There was therefore no error in refusing the charge.

The policy provided that, "in event of the self-destruction of the insured, whether sane of insane, within one year after the date of issue of this policy, the amount payable shall be limited to an amount equal to the premiums paid thereon." The court was requested by appellant to charge the jury, "If you believe the evidence you cannot return a verdict in favor of plaintiff for more than $29.90," on the theory that the undisputed evidence showed that amount as "equal to the premiums" paid on the policy, and that insured intentionally caused his own death within one year after issuance of the policy. We assume for this argument that $29.90 is the correct amount paid on the premiums, and that insured died within one year after the date of the issuance of the policy. But there is no direct evidence of suicide. It is only an inference from circumstances.

▮ In our early case of Smoot v. M. & M. Rwy. Co., 67 Ala. 13, this court stated a rule, in respect to giving the general affirmative charge, which has many times been quoted in the later cases; that is, that it should not be given "when the evidence is conflicting, or *circumstantial*, or when a material fact rests wholly in inference." Tabler v. Sheffield Co., 87 Ala. 309, 6 So. 196; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 518, 52 So. 86; N. C. & St. L. Rwy. Co. v. Crosby, 194 Ala. 342, 70 So. 7; Warren v. State, 197 Ala. 313, 326, 72 So. 624. The statement we have quoted is substantial-

ly that as expressed in 6 Cooley's Briefs on Ins. (2d Ed.) p. 5479. If this rule holds good, the charge in question was properly refused.

Besides, the scintilla rule obtains in Alabama, and we cannot say that there was no evidence from which an inference may be drawn that he did not commit suicide. Mut. Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649; Sov. Camp, W. O. W. v. Dennis, 17 Ala. App. 642, 87 So. 616. In the case of W. O. W. v. Hackworth, 200 Ala. 87, 75 So. 463, there was direct and positive evidence that insured shot himself. It was not merely an inference of suicide from circumstantial evidence.

The circumstances shown by this record are quite similar in legal effect to those in the case of Furbush v. Maryland Casualty Co., 131 Mich. 234, 91 N. W. 135, 100 Am. St. Rep. 605. That court held, as do we in this case, that it was a jury question.

▮ The court sustained objection to evidence offered by appellant that the insured drank heavily in the fall and summer of 1927. The policy was issued July 9, 1927, and insured died November 11, 1927. He had been drinking heavily the day and night before and in company with a woman to whom he threatened taking his life and in her presence apparently attempted to do so. Did the court err in declining such evidence? The question is treated in 6 Cooley's Ins. Briefs (2d Ed.) 5471, as follows: "So too insured's habits and temperament can be shown as bearing upon his mental condition at the time of his death. Wilkinson v. Ætna Life Ins. Co., 240 Ill. 205, 88 N. E. 550, 25 L. R. A. (N. S.) 1256, 130 Am. St. Rep. 269. Testimony that insured had been intemperate in his habits for four months prior to his death, and was in straitened financial circumstances, and had worried about his affairs, was admissible on an issue whether he committed suicide or was murdered. Furbush v. Maryland Cas. Co., 131 Mich. 234, 91 N. W. 135, 100 Am. St. Rep. 605." We have examined the cases cited, and they support the text. In our case of Sov. Camp, W. O. W., v. Ward, 196 Ala. 327, 71 So. 404, 406, on the issue of suicide, it was said that "the inquiry was pertinent whether the decedent was addicted to drink immediately preceding his death." The evidence seems to us to be of a nature which would shed light on the inquiry. Whether he committed suicide was, as we have said, an inference from circumstantial evidence. On such an issue it is said that the "widest latitude of inquiry as to existence of motive for such a course of conduct present in insured's mind when death occurred must be permitted to enable insurer to overcome presumption against suicide, if it can." Occidental Life Insurance Co. v. Graham (C. C. A.) 22 F.(2d) 528.

On account of the fact that, in our judgment, the ruling of the court in respect to the evidence we have just referred to, was reversible error, we refrain from discussing other features of the case. It is therefore ordered that the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

**On Application by Appellant to Modify the Opinion.**

FOSTER, J.

█ Counsel call our attention to what they conceive to be an inconsistency in our decisions resulting from the rule so long fixed in Alabama that the presumption of innocence is to be treated as a matter of evidence, whereas its logical effect as such has not been observed, and we should therefore dress it in different language. They point out that in the Hackworth Case, supra, notwithstanding such presumption, the affirmative charge was given, and was due the defendant, though the scintilla rule obtains in Alabama, and that, if the presumption of innocence be evidence, it should be held to create a conflict; that the holding that there was no conflict refutes a claim that it is evidence. They might also have pointed out that in criminal cases, where the evidence is undisputed, the affirmative charge may be given for the state, notwithstanding this presumption of innocence which did not therefore create a conflict. There the scintilla rule also obtains. Taylor v. State, 121 Ala. 24, 25 So. 689; Parrish v. State, 139 Ala. 16, 51, 36 So. 1012; Wallace v. State, 19 Ala. App. 287, 97 So. 147.

While this court is firmly committed to the doctrine as we have stated it in the opinion, its uniform application is such that apparently it has never been thought to create a conflict. Though such presumption may be in the "nature of evidence," it has been so regarded only when the evidence as to some question of fact was otherwise conflicting or where there were conflicting inferences from it, or when it was circumstantial in nature. In the Hackworth Case, supra, the evidence was direct and undisputed, and no two inferences could be reasonably drawn if the jury believed it. Likewise in criminal cases it has never been held sufficient of itself to create a conflict, or conflicting inferences, when the evidence did not otherwise show such a conflict. It is merely a principle treated in the "nature of evidence" which is material in aiding the jury to arrive at a correct conclusion from a state of the evidence to which we have referred. If there may be just criticism of an application to it of the name of "evidence," that question has long since in Alabama been beyond the point of judicial controversy. To do so is now and long has been stare decisis. This presumption has been referred to in our decisions as having peculiar significance in criminal cases when the evidence was circumstantial. Gilmore v. State, 99 Ala. 154, 159, 13 So. 536; Salm v. State, 89 Ala. 56, 8 So. 66.

We do not feel justified now in departing from a doctrine so well fixed in our decisions, though its terminology may be thought subject to criticism.

The application of appellant to modify the opinion must therefore be denied.