(133 So. 10)

## WHEELER MOTOR CO. v. STRINGER.
### I Div. 640.

Supreme Court of Alabama.
March 19, 1931.

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner and C. M. A. Rogers, all of Mobile, for appellee.

GARDNER, J.

Appellee recovered a judgment against appellant in an action of trover for the con-

version of her Nash automobile on February 20, 1928, which was carried from her home to appellant's garage and returned the same day, but in a damaged condition.

The sole question on this appeal relates to the action of the court in refusing to defendant the affirmative charge as duly requested, the argument in support of which rests upon the theory that the evidence is insufficient to show that one Minor Wells, who confessedly took the car on this occasion, was the agent of defendant acting within the line and scope of his authority, citing Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; McCormack Bros. Motor Co. v. Holland, 218 Ala. 200, 118 So. 387; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Alabama Power Co. v. Watts, 218 Ala. 78, 117 So. 425.

■ That Minor Wells was on the date in question the agent and employee of the defendant is without dispute. The relation of principal and agent or employer and employee is therefore established, and the remaining question is whether or not said Wells at the time was acting within the line and scope of his employment. If the evidence suffices for a reasonable inference to that effect to be drawn by the jury, the affirmative charge was properly refused. Liverpool, etc., Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901; Wilson v. Windham, 213 Ala. 31, 104 So. 232; Alabama Power Co. v. Watts, supra.

The determination of this question rests upon the facts of each particular case. In the instant case Wells left defendant's garage and went to plaintiff's home, saw and examined the car, and returned to the garage to secure a helper. The two then got the car and brought it to defendant's used car department, and proceeded to "enter it up" and then discovered he had the wrong car. He went to "make a collection or get the car." Wells' first testimony tended to show he went at the instance and under instructions of some one else, but upon further examination seems to have contradicted this statement and testified he was not employed by these third parties, but was in defendant's employ, and finally concluded by saying he did not take the car for himself. To state it mildly, when pressed for the actual facts, his answers were evasive. It appears also that defendant had sold plaintiff's husband a car on time and payments were in arrears, though defendant's president, Rex Wheeler, stated this contract had been assigned to the General Motors Acceptance Corporation, but the assignment is not in evidence, and no testimony as to its character. But it appears that Mr. Wheeler, defendant's president, testified on two occasions, first for plaintiff to establish Wells' employment, and next as a witness for defendant when his testimony was confined to the Buick car sold the husband which was in no manner here involved.

■ The question of prime importance was whether or not Wells was at the time acting within the line and scope of his employment. Upon that vital question Wheeler as a witness said nothing whatever, but was entirely silent. His silence under these circumstances may be made the subject of adverse comment. Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305.

■ But we forego further comment on the evidence; suffice it to say we think a jury question was presented. The holding of the authorities relied upon by appellant, first above noted, does not in any manner militate against the conclusion here reached.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.