110 So.2d 334

Honor B. GORDON

v.

STATE of Alabama.

8 Div. 946.

Supreme Court of Alabama.

Feb. 12, 1959.

**518**

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the petition.

W. A. Barnett, Florence, opposed.

PER CURIAM.

We are of opinion that reversible error is not made to appear in connection with the trial court's refusal to give defendant's written requested Charge No. 6. Although under our cases this charge does state a correct statement of the law, we are firmly convinced that the same rule of law was substantially and fairly given to the jury in the court's general charge and written Charge 7, given at the request of the defendant. Section 273, Title 7, Code 1940.

The judgment of the Court of Appeals is reversed.

Reversed and remanded.

LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.

LIVINGSTON, C. J., and STAKELY and COLEMAN, JJ., dissent.

COLEMAN, Justice (dissenting).

It is not open to question in this jurisdiction that in a criminal case, it is error to refuse Charge 6, for the refusal of which the Court of Appeals reversed the judgment of conviction, when that charge is not otherwise fairly and substantially covered in the instructions given to the jury. Amos v. State, 123 Ala. 50, 26 So. 524; Harris v. State, 123 Ala. 69, 26 So. 515; Mutual Life Ins. Co. of New York v. Maddox, 221 Ala. 292, 128 So. 383.

I agree with the Court of Appeals that Charge 6 was not covered by the charges given. The oral charge and the given charge instructed the jury that accused is presumed innocent and that he cannot be convicted until the *evidence* proves guilt beyond a reasonable doubt, but fail to instruct the jury that the presumption of innocence is to be regarded by the jury as a matter of evidence, etc. As was said in Coffin v. United States, 156 U.S. 432, 460, 461, 15 S.Ct. 394, 405, 39 L.Ed. 481:

"Concluding, then, that the presumption of innocence is evidence in favor of the accused, introduced by the law in his behalf, let us consider what is 'reasonable doubt.' It is, of necessity, the condition of mind produced by the proof resulting from the evidence in the cause. It is the result of the proof, not the proof itself, whereas the presumption of innocence is one of the instruments of proof, going to bring about the proof from which reasonable

doubt arises; thus one is a cause, the other an effect. To say that the one is the equivalent of the other is therefore to say that legal evidence can be excluded from the jury, and that such exclusion may be cured by instructing them correctly in regard to the method by which they are required to reach their conclusion upon the proof actually before them; in other words, that the exclusion of an important element of proof can be justified by correctly instructing as to the proof admitted. The evolution of the principle of the presumption of innocence, and its resultant, the doctrine of reasonable doubt, make more apparent the correctness of these views, and indicate the necessity of enforcing the one in order that the other may continue to exist. While Rome and the Mediaevalists taught that, wherever doubt existed in a criminal case, acquittal must follow, the expounders of the common law, in their devotion to human liberty and individual rights, traced this doctrine of doubt to its true origin, the presumption of innocence, and rested it upon this enduring basis. The inevitable tendency to obscure the results of a truth, when the truth itself is forgotten or ignored, admonishes that the protection of so vital and fundamental a principle as the presumption of innocence be not denied, when requested, to any one accused of crime. The importance of the distinction between the two is peculiarly emphasized here, for, after having declined to instruct the jury as to the presumption of innocence, the court said: 'If, after weighing all the proofs, and looking only to the proofs, you impartially and honestly entertain the belief,' etc. Whether thus confining them to 'the proofs,' and only to the proofs, would have been error if the jury had been instructed that the presumption of innocence was a part of the legal proof, need not be considered, since it is clear

that *the failure to instruct them in regard to it excluded from their minds a portion of the proof created by law, and which they were bound to consider.* 'The proofs, and the proofs only,' confined them to those matters which were admitted to their consideration by the court; and, among these elements of proof, the court expressly refused to include the presumption of innocence, to which the accused was entitled, and the benefit whereof both the court and the jury were bound to extend him." (Emphasis supplied.)

I am also of opinion that the majority of the Court of Appeals correctly concluded that refusal to give Charge 6 was not error without injury.

Without deciding whether or not the opinion of the Court of Appeals fully and completely sets out the evidence so as to permit this court to review the application of the doctrine of error without injury by the Court of Appeals, it is clear that the evidence as to guilt is in conflict.

In considering the question of error in refusing to charge on the presumption of innocence in a civil case on a policy of life insurance where the issue was suicide vel non, the following rule was stated:

"From the foregoing cases we deduce the following: If there is direct and positive evidence of suicide and there is no conflicting inference from any evidence as to suicide, then the presumption against suicide has no field of operation. On the contrary, if there is direct and positive evidence of suicide and there is a conflicting inference from any evidence as to suicide, then the presumption against suicide has a field of operation. If the evidence is all circumstantial, then the presumption against suicide has a field of operation. We may add that inference means reasonable inference and not mere speculation or conjecture. Alabama Power Co. v. Watts, 218 Ala. 78, 117 So. 425;

Sovereign Camp, W. O. W. v. Hackworth, supra [200 Ala. 87, 75 So. 463]." Fleetwood v. Pacific Mut. Life Ins. Co., 246 Ala. 571, 574, 21 So.2d 696, 698; 159 A.L.R. 171.

The evidence was in conflict in this case and it is clear that the presumption of innocence has a field of operation. It is clear, therefore, that the substantial rights of the defendant were injured by excluding from the jury a part of the evidence created by law in this case.

For the reasons stated above, I would affirm the Court of Appeals.

LIVINGSTON, C. J., and STAKELY, J., concur in the foregoing views.