# Baker *v.* The State.

### *Indictment for Carrying Concealed Weapons.*

1. *Carrying concealed weapons ; exception as to person travelling.* — A person who was " travelling to Geneva, on a journey of two days, on a raft " in the Conecuh River, comes within the exception contained in the statute against carrying concealed weapons (Rev. Code, § 3555), in favor of persons travelling.

2. *Same ; exception as to person " being threatened, or having good reason to apprehend an attack."* — The exception in favor of a person " *being* threatened " with an attack applies only to impending threats ; and " having *good reason* to apprehend an attack " is more restricted in meaning than " having *reason* to apprehend an attack." Consequently, a charge is properly refused, which instructs the jury, " that if they believe, from the evidence, that the defendant *had been* threatened by R., and that these threats had been communicated to him before the carrying the concealed weapons, and that he had *reason* to apprehend an attack from said R.," they must acquit the defendant.

[Baker *v.* State.]

3. *Giving charge asked " in connection with general charge."* — When a charge asked is given, " in connection with the general charge," this is not violative of the statute (Rev. Code, § 2756), which requires that charges asked in writing " must be given or refused in the terms in which they are written."

FROM the Circuit Court of Geneva.
Tried before the Hon. P. O. HARPER.

PETERS, C. J. — This is an indictment for a violation of the statute against carrying concealed weapons. On his arraignment, the accused pleaded not guilty ; and that he had been threatened, and had reasons to apprehend an attack ; and that he was travelling ; and that he had set out on a journey. He was found guilty by the verdict of the jury, and sentenced to pay a fine of fifty dollars and costs. From this judgment he appeals to this court, and here he assigns as error the refusals of the learned judge in the court below to charge as requested.

This indictment was found and filed on 27th March, 1873. The evidence tended to show that about three weeks before this date, the accused was coming to Geneva on a raft, and that he had " *travelled* " on said raft part of a day, and the next morning, while on the river, he drew his pistol, which had been before concealed in his pocket, and fired it at an otter. He then returned it to his pocket. This was in Geneva County, in this State. The accused then offered evidence tending to show that in September, 1872, one Russell had said he intended " to whip the defendant the first time he crossed his path." This was communicated to the accused about three weeks after it was uttered. It was also shown that about five months before the trial in this case, Russell and the accused had had a quarrel, and had " called each other names." This was about all the evidence introduced on the trial. On this evidence, the accused asked the court to charge the jury that if they " believed, from the evidence, that the defendant was travelling to Geneva, on a journey of two days, on a raft," then they must find him not guilty, " though they may believe, from the evidence," that " he carried about his person a pistol concealed." This charge was refused, and the defendant excepted. A second charge was then asked, which was in these words : " That if the jury believed, from the evidence, that defendant had been threatened by Russell, and these threats had been communicated to the defendant before the carrying the concealed weapons, and the defendant had reason to apprehend an attack from said Russell, then they must find the defendant not guilty, although they may believe they had a conversation with each other after said threats were made." This charge was also refused, and the defendant again excepted. The defendant then asked a third charge, which was in these words : " That if the jury

believed, from the evidence, that the defendant was threatened, or had reasons to apprehend an attack, or was travelling, or was setting out on a journey, at the time of carrying the pistol concealed, then they must find for the defendant." This charge was given, " in *connection* with the general charge," which is not set out in the bill of exceptions. The defendant again excepted, because, I suppose, of the reference to the general charge with which the court connected the charges given. All the charges thus asked were in writing.

1. The first charge, above referred to, should have been given. There was some evidence tending to show that the defendant was then actually " *travelling* " on the river, on a raft, when he exhibited the pistol. This is expressly so declared by the witness. This brings the charge within the principle settled in the case of *Lockett* v. *The State*, decided at the January Term of this court, 1872.

2. The second charge was properly refused. This charge, as a whole, involves two grounds of exemption : 1st, being threatened with an attack ; and, 2d, having good reason to apprehend an attack. These are the statutory grounds of exemption. Yet the charge refers only to past threats, and not impending threats of attack ; and to *reason* for apprehending an attack, and not, as the statute puts it, " good reason to apprehend an attack." Rev. Code, § 3555. In such a case as this, we do not feel at liberty to depart from the precise language of the statute. The charge does not put the exemption in the language of the statute, or in language of a like import. It is not a correct proposition of law as a whole. It does not show that the threat of attack was an impending threat, or that the defendant was " being threatened with an attack ; " nor that the defendant, at the time he carried the weapon concealed, had " good reason to apprehend an attack." The charge was, therefore, properly refused. In the case of *Eslava* v. *The State*, this court has settled, at the present term, that the right reserved by this statute, to carry a weapon concealed about the person, is coextensive only with the necessity prescribed, and when that necessity ceases, the right ceases also. We are not disposed to depart from this construction of this statute.

3. The question involved in the third charge asked and given is somewhat different. It seems that the objection is to a modification of the charge thus given, by a reference to other charges already given. But this is not the true import of the language used here. This charge was given " in connection " with the " general charge." There was nothing wrong in this. This was necessarily the effect of all the charges. They are to be taken together as a whole ; and as such they are all *connected* as one instruction, and are to be so considered by the

[Quinn v. State.]

jury. It was so settled by this court in the case of *Hawkins* v. *Hudson*, 45 Ala. 482. Of this the defendant has no right to complain. It is true that a charge, moved for in writing, should be given in the very words of the writing, or refused, without qualifications or additions of any kind whatever. *Lyon & Co.* v. *Kent, Payne & Co.* 45 Ala. 656 ; *Knight, Adm'r,* v. *Clements et al., Ex'rs,* 45 Ala. 89. But the charge now under discussion was more favorable to the defendant than he was entitled to. It gives him the benefit of the exemption which attaches to one " setting out on a journey," when there was no evidence to show that this was his condition. Such a charge might have been refused without error. The court is not bound to give a charge which is partly proper and partly improper. To put the court in error, the charge must be a correct proposition of law, and it must be kept within the proofs. If it falls short, or goes beyond the proofs, it is abstract ; and for this reason it may be refused. Thus seen, the action of the court below was free from error on this exception.

For the error first above pointed out, the judgment of the court below is reversed, and the cause is remanded for a new trial ; and the appellant will be held to answer the charge against him until discharged by due course of law.