# Polk *v*. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Evidence; what admissible.*— The enmity or unfriendliness of a witness, to the person against whom he testified, may be shown to enable the jury the better to determine, in connection with other evidence, what weight should be accorded to the witness ; but it is not permissible to prove the details of a quarrel or difficulty which gave rise to the enmity or unfriendliness

2. *Same.*—Persons observant of, and familiar with the intercourse between others, and conversant with the state of feeling, as shown by their conduct and conversation, may testify us to a fact whether or not enmity or ill feeling existed between them.

3. *Same.*—Evidence of threats against the life of the accused, is always admissible in defense of a prosecution for carrying concealed weapons; the weight to be attached to such threats being matter for the determination of the jury, who must ascertain the real purpose, or what seemed to be the real purpose of the person making the threats or hostile demonstration and the real not feigned sense of insecurity or peril under which the threatened party labored, when the weapon was carried concealed.

4. *Concealed weapons; what justifies carrying.*—The purpose of the statute permitting the weapon to be carried concealed, was to provide precautionary defense against impending peril. It is not every idle threat that will justify the carrying of a concealed weapon ; nor will a threat long made, and not attempted to be executed when it might have been, furnish such excuse ; nor, on the other hand, is it necessary to bring a party within the exception, that the threat be then and there presently uttered ; it is enough that a threat has been made, and stands uncancelled, by after reconciliation, or other evidence of its abandonment.

APPEAL from Hale Circuit Court.

Tried before Hon. LUTHER R. SMITH.

The appellant, Cæsar Polk, was convicted of carrying concealed weapons. On the trial, one David Jones, Jr., as a witness for the State, having testified, that he had seen defendant carrying a concealed pistol, was asked on cross-examination, if there had been a difficulty between witness and defendant, and having testified that a difficulty had occurred between them about a week previous to the time he had seen defendant carry the pistol concealed; witness was then asked if any enmity existed between himself and defendant, and answered that there was none. Several questions relating to the cause and particulars of the difficulty between witness and defendant, were objected to by the solicitor, the objection sustained, and the defendant excepted. Witness was then asked : "Was any difficulty pending between your son Joe and defendant at the time you say you saw the defendant with a pistol? Had there not been, a short time previous to your seeing the pistol as stated, a diffi-

[Polk v. The State.]

culty between your son Joe and the defendant, wherein the said Joe drew a doubled barrelled shot-gun upon the defendant, which he was prevented from using by others standing near, and in which he announced his resolution to shoot the defendant whenever he caught him out?" The solicitor objected to each of these questions, his objections were sustained, and the defendant excepted.

One Jack Morris, a witness for the defendant, was asked if to his knowledge, any ill feeling or feud or continuing animosity existed between the State's witness or his son Joe and the defendant, at the time of the carrying of the pistol as testified to. The solictor objected to the question, his objection was sustained, and the defendant excepted.

THOMAS R. ROULHAC and THOMAS SEAY, for appellant.

HENRY C. TOMPKINS, Attorney-General, contra.

STONE, J.—The appellant was indicted under section 4109, Code of 1876, for carrying a pistol concealed about his person.—See section 4809 and form 21. The defense was that the accused had been threatened with, or had just cause to apprehend an attack. The rulings of the court, in rejecting evidence offered in support of this defense, present the questions for our decision. The Circuit Court did not err in excluding evidence of the cause and details of the quarrel and difficulty alleged to have taken place about a week before the alleged offense between the defendant and the witness David Jones, Jr. That evidence was offered for the purpose of showing the feelings entertained by the witness towards the accused; this, on the question of impartiality or credibility of the testimony given by this witness. It is competent to prove enmity or unfriendliness of a witness to a party against whom he testifies, as one method of asssailing or weakening the evidence. It does not set the testimony aside. It is received, that the jury may consider it, with the other evidence, in determining what weight they will accord to the testimony thus given by one at enmity with the accused. But, the proveable fact, is the state of the witness' feelings, not the cause of it. That would probably lead to a multiplication of issues, and confusion of the minds of the jurors. This testimony was properly excluded.

Enmity, or ill feeling between parties, is a fact to which a witness may testify, if he knows it. It is generally made manifest by the demeanor and conversation of the parties; and third persons, observant of, and familiar with their intercourse, and the state of their feelings, as shown by their

conduct and conversation, may testify to it as a fact. It stands in the category of health, sickness, good humor, anger, earnestness, jest.—*McHugh v. The State*, 31 Ala. 317; *Wilkinson v. Mosely*, 30 Ala. 562; 1 Brick. Dig. 875, sections 993, 998, 999, 1007.

The Circuit Court erred in excluding evidence of the alleged previous threat made by Joe, son of David Jones. Its tendency was, if believed, to prove that the defendant had been threatened with an attack, and thus to make out the defense relied on. If the answer had furnished what the question sought to elicit, it would have shown, if believed, that about one week before the accused was seen to conceal a pistol about his person, Joe had attempted to shoot him with a gun; and on being prevented, had threatened defendant that he would shoot him, whenever he caught him out. This would clearly constitute a threat; and, unless something in the manner of its utterance showed it was not intended to be executed; or, unless Joe's after conduct made it manifest that passion had subsided, and, with it, the purpose to carry the threat into execution, the jury would be justified in finding the defendant stood excused for carrying the pistol concealed about his person. The real transaction, the real purpose, or what seemed to be the real purpose of the person making the threat or hostile demonstration, and the real, not feigned sense of insecurity or peril under which the threatened party labored when he carried the concealed weapon, are questions for inquiry by the jury. A recent threat should weigh much more with the jury, than one of older date. So, if after a threat made in anger, the parties become reconciled, or, being together, the threat is neither executed, nor attempted to be executed, when, if the intention still existed, it could be carried into effect, then, it could not be predicated that the accused had been threatened with, or had good reason to apprehend an attack in the meaning of the law. The excuse rests on the idea of self-defense, not aggression. Still the threat may be given in evidence, but it should weigh nothing with the jury, if under the rules given above, it is shown to be a mere pretext, rather than the true reason for carrying the concealed weapon. It is not every idle threat that will excuse the carrying a weapon concealed about the person; nor will a threat, long made, and not attempted to be executed, when it might have been, furnish such excuse. Precautionary defense against impending peril, is what the statute intended to authorize. We think what we have stated above is, in substance, the import of the language employed in *Baker v. The State*, 49 Ala. 350. Being threatened with an attack, or impending threat, implies only

that a threat must have been made, and stand uncancelled by after reconciliation, or other evidence of its abandonment. It does not mean that, to excuse the carrying of a weapon concealed about the person, the threat must be then and there presently uttered. This, in most cases, would deny to it all value as a defensive precaution.

Reversed and remanded. The prisoner will remain in custody until discharged by due course of law.