### TUGGLE v. STATE. (6 Div. 444.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

1. Homicide ⟪338 338(4)—Admission of evidence subsequently excluded held harmless.

In a prosecution for assault with intent to murder, admission over defendant's objection of testimony of witness who had detailed the shooting that, after the shooting the defendant walked out into the street and reloaded his pistol, subsequently excluded by the court of its own motion, held harmless.

2. Witnesses ⟪338 370(1)—The state on cross-examination may show bad feeling between witness and injured party, but not cause thereof.

It was proper for the state to show, on cross-examination of a witness, that the feeling between such witness and the assaulted party was not good, but when bad feeling was admitted it was not permissible to show the cause of such feeling or bias, or the details of the transaction or occurrence supposed to have engendered the bad feeling.

3. Witnesses ⟪338 345(1)—Cross-examination of witness as to whether he was "raided" and "fined" held improper.

In a prosecution for assault, the state could not, on cross-examination, impeach a witness by showing that the assaulted person had "raided" the witness two or three times, and that the witness had been "fined" in the mayor's court, since, under Code 1907, § 4008, such

testimony is not admissible unless the conviction was for a crime involving moral turpitude.

**4. Witnesses ☞372(2)—Cross-examination of defendant's witness as to whether his brother had not killed cousin of prosecuting witness held improper.**

Cross-examination of defendant's witness, as to whether his brother had not killed a cousin of the person claimed to have been assaulted by the defendant, and whether the assaulted person had not assisted in the prosecution of his brother, and whether there was not bad feeling on that account, held improper.

**5. Witnesses ☞372(3)—State may further cross-examine witness who denies bad feeling toward prosecuting witness.**

Where a witness for the defendant denies on cross-examination that the feeling between him and the prosecuting witness is bad, the state may examine the witness further to test the sincerity of the witness and the bona fides and truthfulness of such denial, and should be allowed wide latitude in such examination.

**6. Criminal law ☞448(2)—Testimony of witness, who had not qualified as to what could be seen from store, held inadmissible.**

A witness who had not qualified as to his knowledge of the location of a certain store could not testify as to what could be seen by a person standing in the store, since such testimony would constitute a conclusion.

**7. Criminal law ☞1186(4)—Harmless error not ground for reversal.**

Under Code 1907, § 6264, error in admitting evidence which did not injure defendant is not ground for reversal.

**8. Criminal law ☞829(1)—Refusal of instructions covered by those given not error.**

Refusal of instructions covered by those given was not error.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

William L. Tuggle was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

One Segars, a witness for the state, having detailed the shooting of Manasco (the victim of assault) by defendant, was interrogated as to defendant's actions after the shooting. Over objection of defendant, the witness was permitted to answer that defendant walked out into the street and reloaded his pistol; and defendant's motion to exclude was overruled. Thereafter the court stated to the jury:

"I exclude that part about him going out in the street and reloading his gun."

J. B. Powell, of Jasper, for appellant.

The remark of the court in excluding immaterial testimony was not sufficient to remove its prejudicial effect. Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; Maryland Cas. Co. v. McCallum, 200 Ala. 154, 75 South. 902; Davis v. State, 18 Ala. App. 482, 93 South. 269. There was

error in rulings on the testimony of the witness Mann. Republic I. & S. Co. v. Passafume, 181 Ala. 463, 61 South. 327.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

A clear instruction to the jury not to consider evidence erroneously admitted will ordinarily cure the error. Maryland Cas. Co. v. McCallum, 200 Ala. 154, 75 South. 902. It was proper on cross-examination to show the bad feelings of witnesses toward the injured party. Allen v. Fincher, 187 Ala. 599, 65 South. 946; Knox v. State, 18 Ala. App. 358, 92 South. 206.

BRICKEN, P. J. From a judgment of conviction for the offense of assault with intent to murder and sentence of from 10 to 11 years, defendant appeals.

The organization of the court as shown by the transcript met every requirement of Supreme Court rules 26, 27, 175 Ala. pp. xix, xx, as no question was made against the organization of the court to try this case, or against the lawful power of the court to try it at that term or at that time. The record proper has been examined and is free from error. The insistence in this connection is without merit.

Numerous rulings of the court upon the admission of testimony were excepted to and are now insisted upon as error. It appears that many of these rulings were so palpably free from error, we shall refrain from a consideration of them in detail.

[1] Appellant strenuously insists that the court injuriously affected the substantial rights of the defendant by having in several instances admitted in evidence illegal testimony and afterwards of its own motion excluded it. In the case of Davis v. State, 18 Ala. App. 482, 93 South. 269, this court, in dealing with a similar insistence, said:

"When * * * illegal testimony has been admitted, it is always a serious question as to how far such testimony, though withdrawn in the most explicit and emphatic manner, has injuriously affected the party against whom it was admitted."

And the Supreme Court of Alabama has said:

"This court has always regarded the practice with cautious disapproval." Maryland Casualty Co. v. McCallum, 200 Ala. 154, 75 South. 902.

In the instant case, however, we have examined the testimony first introduced and then excluded, and, while such rulings are not to be commended, we are of the opinion that by the action of the court here complained of no error appears to sufficiently affect the substantial rights of the defendant, which necessitate a reversal of the judgment appealed from, and because of these

rulings we are not willing to predicate a reversal thereon.

[2, 3] It appears that witness John Mann was an important witness for the defendant, and that his testimony in behalf of defendant, if believed, was very material. On cross-examination of this witness he (Mann) testified: "The feeling between me and Manasco [the alleged injured party] is not good." Over the objection of defendant the state was then permitted to ask the further question of this witness: "He raided you up there two or three times, and they fined you in the mayor's court, didn't he?" And over the objection of defendant the witness was required to answer this question, and the court declined to exclude the affirmative answer of witness, to which ruling the defendant reserved an exception. In these rulings the court committed error necessitating the reversal of this case. It was proper for the court to allow the state to show by this witness that the feeling between him and the prosecutor (injured party) was not good, that character of testimony being permissible as tending to affect his credibility; but, where such feeling or bias is admitted, it is not permissible to allow a party to go further and show the cause of such feeling or bias, and the details of the transaction or occurrence which is supposed to have engendered the bad feeling. In Allen v. Fincher, 187 Ala. 599, 602. 65 South. 946, 948, the Supreme Court said:

"As the multiplication of issues is not desirable, it would seem that the better rule would require the party against whom a witness is testifying to develop, on cross-examination, the fact of the bias of the witness. If, on the cross-examination, the witness admits the fact showing his bias, then there should, at once, be an end of the matter."

It is very evident that the purpose of the question was to unduly prejudice the witness before the jury, and to reflect upon his testimony given in behalf of defendant, and to detract from the weight of such testimony. It was not admissible to impeach the witness in this manner. Code 1907, § 4008. Under the terms of this statute a conviction of the witness in the mayor's court, or other court, was not permissible as affecting the credibility of the witness, unless the conviction was for crime involving moral turpitude. And the fact that Manasco "had raided the witness" two or three times was wholly irrelevant, incompetent, inadmissible, and immaterial.

[4, 5] We also think there was error in the rulings of the court in allowing the state to prove bias or ill feeling of defendant's witness Jesse Johnson towards Manasco in the manner shown by the record. As above stated the state had the right to undertake to show the bad feelings of this witness towards Manasco, the injured party, but the better practice would have been to ask the direct question as to the state of feelings and not resort to the means disclosed by this record. Without first propounding any question as to the feeling between witness and Manasco, the solicitor was permitted, over the objection and exception of defendant, to ask the following question:

"Did your brother kill a party that is a cousin to the party assaulted in this case, and the party assaulted in this case assisted in the prosecution of your brother, and isn't the feeling on that account bad between you?"

This question was improper. as it was calculated to inject new and foreign issues into the trial of this case, and the objections to the question, as propounded, should have been sustained. Of course if an answer to a direct question the witness had testified that his feelings towards Manasco were good, it would have been permissible then to have tested the bona fides of the answer and the sincerity of the witness by propounding to him such questions as tended to show otherwise. Russell v. State (Ala. App.) 97 South. 845 [1] (on rehearing). As there stated, an answer of this character was not conclusive, and the opposing party had the right to examine the witness further in order to test the sincerity of the witnesses and the bona fides and truthfulness of the statement, and to this end the widest latitude should be allowed. See, also, Ex parte Morrow, Re Morrow v. State, 210 Ala. 63, 97 South. 108.

[6, 7] On recross-examination of defendant's witness John Mann, the court allowed the state to ask him, "Now anybody standing in Ross Thornton's store could see that, direct, couldn't they?" This witness, not having been qualified as to his knowledge of the location of Ross Thornton's store, this question called for a conclusion of the witness, and the objection thereto on that ground should have been sustained. However, we are of the opinion that no injury resulted to the accused from the question and answer, and we will not put the court in error because of this ruling for that reason. Code 1907, § 6264.

[8] The oral charge of the court, taken as a whole, was without error. This charge is full, fair, and explicit, and covers more than seven pages of the transcript, and in addition thereto, thirty-four special written charges were given at the request of defendant. Such of the refused charges as correctly state the law were fairly and substantially covered by the oral charge and given charges. This being true, there is no necessity to discuss the refused charges in detail.

For the errors designated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

---

[1] Ante, p. 425.