8 So.2d 883
### McCLENDON v. STATE.
### 6 Div. 874.

Supreme Court of Alabama.
June 18, 1942.

Rehearing Denied June 30, 1942.

John Chapman, of Cullman, and Beddow, Ray & Jones, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Walter W. Flowers, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

The appeal is from a conviction for murder in the first degree with punishment fixed at imprisonment for life. Defendant's wife died of arsenic poison from eating "pancakes" cooked by defendant and given to her about 11:30 o'clock in the morning of February 17, 1941. Defendant testifies he ate two of the cakes himself and his wife three; that he knew nothing of any arsenic being in the flour and was himself made very sick. An examination of his urine following his arrest and some twelve or thirteen days after the cakes were eaten disclosed a trace of arsenic. The flour had been purchased at Cullman by another for defendant and delivered at his home at night.

In May of 1940 the proof tends to show defendant had some arsenic in his possession for poisoning potatoes, so he states, though evidence for the State tends to show he said there was none at his home at this time. We omit details of proof as unnecessary here to relate.

Defendant's wife had been in ill health a number of years and confined to her bed for several months. The State offered proof tending to show association with a widow, Della Oden, though of more or less

disconnected times and places. But there was some proof, if believed by the jury, tending to show an illicit relation. All of this proof was for the purpose of establishing a motive for the crime, to rid himself of his invalid wife.

■ Defendant's criticism of this proof goes to its weight and credibility rather than to its admissibility. The question is fully discussed in Spicer v. State, 188 Ala. 9, 65 So. 972, 977, quoting Baalam's case, Baalam v. State, 17 Ala. 451, to the effect that: "When it is shown that a crime has been committed and the circumstances point to the accused as the guilty agent, then proof of a motive to commit the offense, though weak and inconclusive evidence, is nevertheless admissible."

■ We think it clear enough the evidence was sufficient for the jury's consideration both as to the commission of the crime and defendant's guilt in connection therewith. We, therefore, conclude the affirmative charge requested by defendant was properly refused and that the evidence above referred to was properly admitted.

Defendant had known Della Oden a number of years but insisted that any meeting was merely casual in character and nothing improper ever passed between them. The Court, over defendant's repeated objections, permitted witnesses to testify as to the alleged contents of a letter witness Wharton claimed to have received through the U. S. mails addressed to him and with the name of defendant signed thereto. Wharton did not have the letter, "it got misplaced some way", he says. When asked if he received a letter from defendant: "I got a letter, I can't say it was from McClendon. * * * I received a letter with his name to it. I don't know who wrote it. I don't known whose handwriting it was. * * * I can't say whether or not this man wrote me the letter. * * * I said that somebody could have written me that letter in order to make me mad with McClendon".

■ Witness Wharton was permitted to testify to the contents of this letter; it stated: "I have decided to take care of Della as long as I live. * * * I have decided to kill you if I ever meet you at her house or elsewhere". There is nothing here to take this matter from without the generally accepted rule that "when a letter is offered as evidence it should be accompanied by competent proof showing its authenticity or genuineness". 20 Amer.Jur. 804; 16 C.J. 742; 23 C.J.S., Criminal Law, § 850.

■ Here there was no pretense of establishing the authenticity of the letter. Indeed, Wharton's testimony tends to the contrary. There is no pretense any such letter was in response to one written defendant or that defendant ever admitted writing any such letter. But we do not consider the question needs further elaboration. Our own decisions are conclusive against the admissibility of this proof. O'Connor Min. & Mfg. Co. v. Dickson, Sheriff, et al., 112 Ala. 304, 20 So. 413; Louisville & N. R. Co. v. Britton, 149 Ala. 552, 43 So. 108; Butterworth & Lowe v. Cathcart, 168 Ala. 262, 52 So. 896. Nor is argument required to demonstrate its prejudicial character. Reversible error is made to appear in this ruling.

It was the theory of the State, as previously observed, that defendant desired to rid himself of his invalid wife that he may be more free to pursue Della Oden, and evidently this was pressed upon the jury in argument. Indeed, the Solicitor stated in argument, in one instance: "Nobody to love her, nobody to give her any attention, nobody to give her a drink of water. I imagine it was a lonely time for her".

■ In order to meet the theory of the State as to the motive for the crime and doubtless in anticipation of and to meet any such adverse inference as indicated by the above extract of the argument of the Solicitor, defendant offered a number of witnesses, close neighbors as well as members of his household, who had been well acquainted with and observant of the couple throughout their married life of twenty-six years, to testify as to his tender care and ministrations to his wife at all times and particularly during her illness. All evidence of this character was denied the defendant, and we think wrongfully so. For whatever it was worth, it should have gone to the jury to be weighed by them in refutation of the State's theory. The case of Humber v. State, 210 Ala. 559, 99 So. 73, is sufficient authority to demonstrate the error of this ruling. See, also, Morse v. State, 22 Ala.App. 93, 112 So. 806.

■ One Rector testified for defendant concerning the character of State witness Wharton and we think he clearly showed

the feeling between the two was not good. Over defendant's objection the Solicitor was permitted to go into the details of a difficulty Rector had with Wharton which went entirely beyond the necessities of the case. Defendant's objections to these details were well taken. Polk v. State, 62 Ala. 237, 238; Tuggle v. State, 19 Ala.App. 541, 98 So. 815; Allen v. Fincher, 187 Ala. 599, 65 So. 946. But we do not consider these rulings of so prejudicial a character as to present error to reverse.

■ Though the presumption is against the intentional taking of one's own life (Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 128 So. 383; New York Life Ins. Co. v. Turner, 213 Ala. 286, 104 So. 643), yet we do not think this principle justifies the instructions to the jury requested by defendant that because thereof it will be further presumed defendant did not know there was arsenic poison in the food he gave his wife.

All of this may be proper for argument to the jury but is objectionable as an instruction concerning a presumption of law. These charges (37, 19, 17, 16, 5 and 3) were properly refused defendant as argumentative.

What has been said should suffice for another trial of the case and further treatment here is unnecessary.

For the errors indicated the judgment will be reversed.

Reversed and remanded.

All Justices concur, except KNIGHT, J., not sitting.