TYSON, Judge.
Samuel Eugene Taylor was indicted for murder, in violation of § 13A-6-2, Codea of Alabama 1975. The jury found the appellant “guilty as charged in the indictment,” and the trial judge sentenced the appellant to life imprisonment.
The facts in this cause are set out in full in Taylor v. State, 548 So.2d 521, 522-23 (Ala.Cr.App.1988), cert. quashed (Ala.1989). (Hereinafter referred to as Taylor II.) In Taylor II, we affirmed the trial court’s certification of the appellant as an adult and the transfer order of this appellant to the circuit court. This affirmance followed a previous reversal and remand on the same issue. See Taylor v. State, 491 So.2d 1042 (Ala.Cr.App.), cert. denied (Ala.1986). (Hereinafter referred to as Taylor I)
I
The appellant raises five issues in this appeal. We note initially that issues I, II, III, and V set forth in the appellant’s brief have been heretofore resolved in Taylor I and Taylor II. We are not required to readdress those issues now, since the appellant has not asserted any new facts or circumstances which compel us to alter our previous decisions. See Taylor II.
II
In his issue IV, however, the appellant contends that the admission of his blood sample and test results into evidence con *886 stituted reversible error. The test results were admitted to show that there was a 98% probability that the victim’s unborn child was the child of this appellant.
In Taylor I, we held that the juvenile court acted within its authority by ordering the appellant to submit to a blood test. In so holding, we recognized the commonplace usage of such tests to determine paternity in paternity actions. Ala.Code § 26-17-12 (1975).
The appellant, however, argues in his brief:
“It is admitted that Sec. 26-17-12, Code of Alabama, 1975, provides for blood tests in paternity proceedings; however, said statute only authorizes a blood test ‘upon application of the defendant in a paternity proceeding or any other party to the action’. Clearly, the proceeding that Taylor was facing was not a paternity proceeding and no such paternity proceeding had been filed on the part of any interested party. For the Juvenile Court to order a blood test under these circumstances was clearly an abuse of discretion and constituted reversible error in that the results of said test did not tend to establish the guilt or innocence of Taylor with respect to the crime with which he was charged and in no way tended to link him to the commission of the crime. The results of the paternity test, at best, only shows the possibility of a motive.”
Appellant’s brief at 37.
It is the “possibility of motive” that made the blood test admissible. As the State points out in its brief, introduction of evidence to prove motive is admissible.
Our Supreme Court stated in Bowden v. State, 538 So.2d 1226, 1235 (Ala.1988):
“Furthermore, testimony offered for the purpose of showing motive is always admissible. McClendon v. State, 243 Ala. 218, 8 So.2d 883 (1942). Accord, Donahoo v. State, 505 So.2d 1067 (Ala.Crim.App.1986). ‘ “It is permissible in every criminal case to show that there was an influence, an inducement, operating on the accused, which may have led or tempted him to commit the offense.” McAdory v. State, 62 Ala. 154. [1878].’ Nickerson v. State, 205 Ala. 684, 685, 88 So. 905, 907 (1921).”
There was testimony at trial that the appellant had been angry with the victim because she had been telling other people that she was pregnant with his child. The admission of the paternity test was further proof that the unborn child was his child and, thus, gave weight to the State’s claim that this appellant killed the victim. Therefore, the admission of the challenged evidence was not error. See Hill v. State, 366 So.2d 296 (Ala.Cr.App.1978), affirmed, 366 So.2d 318 (Ala.1979); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
For the reasons stated, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.