The appellant, Raymond Lewis Schaefer, was indicted for two offenses: sodomy in the first degree, Code of Alabama 1975, § 13A-6-63 (engaging in deviate sexual intercourse with D.L.F., a child less than 12 years of age, when the appellant was over 16 years of age) and sexual abuse in the first degree, §13A-6-66 (engaging in sexual contact with D.L.F.). The cases were consolidated, and after a jury trial, the appellant was found guilty in both cases as charged in the indictments. He was sentenced to 25 years' imprisonment for the sodomy conviction and to 5 years' imprisonment for the sexual abuse conviction. He was also ordered to pay restitution.
The state's evidence showed that the appellant, who was divorced from D.L.F.'s mother at the time of the incidents forming the bases of the charges, engaged in sexual activity with D.L.F. on several occasions. This activity consisted of mutual masturbation and fellatio while watching pornographic movies. The child victim, D.L.F., was the main state witness, and the state's case hinged on his credibility. The appellant's defense consisted of a denial of the charges and attempts to discredit the testimony of D.L.F.
The appellant appeals, raising nine issues. However, at this time, we address only the issue whether the trial court committed reversible error in denying the appellant's motion to produce D.L.F.'s psychiatric records and the records pertaining to D.L.F. in the files of the Alabama Department of Human Resources. The appellant contends that D.L.F. is a "habitual liar" with a history of mental instability and that his records were necessary for purposes of cross-examination to impeach his credibility. The trial court held, and the state now contends, that the records were privileged and that their production for confrontation purposes was prohibited by statute.
The records are privileged pursuant to §§ 12-15-100 and -101,15-23-41 and -42, and 34-26-2. The appellant argues that his Sixth Amendment right of confrontation outweighs the statutory privilege and the victim's right to confidentiality. A witness's claim of a statutory privilege may, under certain circumstances, violate a defendant's Sixth Amendment rights of confrontation and cross-examination. Davis v. Alaska,415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); United States v.Lindstrom, 698 F.2d 1154 (11th Cir. 1983); Ex parte Lynn,477 So.2d 1385 (Ala. 1985); Kirby v. State, 581 So.2d 1136
(Ala.Cr.App. 1990); Thornton v. State, 527 So.2d 143
(Ala.Cr.App. 1987), cert. quashed, 527 So.2d 146 (Ala. 1988).
The issue presented here is whether, under the circumstances of this case, denial of access to the privileged records deprived the appellant of his right of confrontation. We adhere to the principle that the opportunity for cross-examination is central to the right of confrontation. However, this does not mean that records of this type must be disclosed simply because they relate to a key state's witness whose claimed lack of credibility is the foundation of the defense. There are strong public policy reasons for maintaining the confidentiality of such records. In this state, where a party's right of discovery has come into conflict with a communication that is the subject of a statutory privilege communication, the courts have decided the issue on the facts of each particular case or, in other words, on a case-by-case basis. Ex parte Rudder, 507 So.2d 411
(Ala. 1987); Kirby v. State. The reasons for confidentiality must in each case be weighed against the defendant's right to bring to the jury's attention facts affecting the witness's credibility. Davis v. Alaska. Access to such records must be left to the discretion of the *Page 949 
trial court, which is better able to assess the probative value of the evidence contained in the records as it relates to the particular case before the court, and to weigh that value against the interest in the confidentiality of the records. In order to determine whether the records contain exculpatory or impeachment evidence that should be disclosed, the trial court of necessity must examine the records. That examination should be in camera. See Kirby v. State, where we suggested the procedure be used. The trial court should also make specific findings, and the privileged records should be made a part of the trial record for purposes of appeal. In this case, the trial court refused to order the production of the records for an in camera inspection and, thus, no examination was made.
We find that there is sufficient evidence in the record to warrant an in camera examination by the trial court of the privileged records for the purpose of discovering whether disclosure of any material relevant to the issue of credibility of the witness is appropriate in this case. We, therefore, remand this cause to the trial court with instructions that that court conduct an in camera examination of the records of Major Kenneth Green, Dr. Fred George, Dr. Robert Nolan, and the Alabama Department of Human Resources pertaining to D.L.F. and to determine if those records contain any exculpatory or impeachment evidence that would bear upon the question of the appellant's guilt and the credibility of D.L.F. The trial court is further instructed to file with this court a written return within 42 days of the date of this opinion, informing this court of its findings. These findings should include specific references to any information that the court considers to be exculpatory or impeaching. The trial court shall also forward all records examined to this court as part of the return.
REMANDED WITH INSTRUCTIONS.
All Judges concur.