724 So.2d 55 (1998)
Robert WORTHY
v.
STATE.
CR-96-1384.
Court of Criminal Appeals of Alabama.
February 13, 1998.
Opinion on Return to Remand August 28, 1998.
*56 Daniel B. King, Gadsden, for appellant.
Bill Pryor, atty. gen., and Cedric B. Colvin, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Robert Worthy, was found guilty of sexual abuse in the first degree and was sentenced to 10 years' imprisonment. Evidence at trial tended to show that, in December 1994, the appellant was living with the family of a friend, N.L. The appellant cared for N.L., who had a seizure disorder, during the day, while N.L.'s wife worked. N.L.'s wife testified that she and her husband had a 6-year-old daughter, A.L. After Christmas vacation A.L. told her parents that the appellant had fondled her while Mrs. L. was at work. Mrs. L. reported the alleged *57 incident to the Alabama Department of Human Resources and took A.L. to two doctors recommended by D.H.R. Dr. Hillman Holly, a physician, found no evidence of sexual abuse in a physical examination. Dr. Janet Stillman, a psychologist, counseled A.L. for approximately nine months. The substance of their discussions was not admitted into evidence at trial.
At trial A.L. testified that, at Christmas time, the appellant had placed his hands on her genital area, outside her clothing, and had moved his hand and rubbed her. She said that the rubbing felt "bad" and hurt and that the appellant refused to stop. He also instructed her not to tell anyone what had happened. The appellant's older daughter testified that she and her sister lived with her grandparents. She also testified that, from the time she was 13 years old until she moved out at the age of 14, the appellant had sexual relations with her whenever her grandparents were out of the home. The appellant's younger daughter testified that the appellant tried to have sex with her when she was 11 years old and actually had sex with her 3 times when she was 12, after which she was careful never to be alone with him. The appellant's mother testified that neither of her granddaughters had ever told her that the appellant had sexually abused them. The appellant then testified that he had never abused his daughters. He also denied rubbing the victim's genital area.
The appellant raises three issues on direct appeal. Two of those issues need not be addressed at this time because both the appellant and the State have requested that this cause be remanded to the trial court for further action with regard to the third issue. During trial, the appellant learned for the first time of the counseling sessions between A.L. and Dr. Stillman. He asked the trial court to conduct an in camera inspection of the records of those sessions, in order to determine whether they contained exculpatory evidence. The trial court refused to conduct the examination.
In Schaefer v. State, 676 So.2d 947 (Ala.Cr. App.1995), this Court held that, in order to determine whether confidential records contain exculpatory or impeachment evidence that should be disclosed, the trial court must examine the records. The examination should be in camera, and after its review, the trial court should make specific findings. The confidential records then should be made a part of the record for the purposes of appeal.
Because the trial court failed to conduct the requisite inspection, the judgment must be remanded. On remand, the court should examine the records of A.L.'s counseling sessions with Dr. Stillman and make specific findings as to whether they contain any exculpatory or impeachment evidence. The court's findings and the appropriate record should be filed with this Court within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand
McMILLAN, Judge.

I.
On February 13, 1998, we remanded this cause for the trial court to conduct an in camera inspection of the records of the victim's counseling sessions with her therapist, to determine whether those records contain any exculpatory or impeachment evidence that should have been disclosed to the appellant. The trial court has now filed its return, which includes the victim's sealed records and the following findings:
"Nothing exculpatory to the Defendant, Robert Worthy, was found in Dr. Stillman's notes. On the contrary, those notes indicate that A.L. [the victim] consistently related the same incident of fondling to Dr. Stillman ... [wherein] around Christmas 1994 ... the defendant touched A.L. on her vagina on the outside of her clothes... in A.L.'s house in the living room while A.L.'s father was asleep on the sofa.
"The only possible statements ... that might have been considered by the defendant for possible impeachment ... result from the fact that A.L. only testified to a single incident of sexual abuse by the defendant during trial while, during her *58 therapy sessions, she told Dr. Stillman of several other incidents of abuse by the defendant. A.L. was six years old at the time of the fondling and ... therapy [and]... eight years old at the time of trial. The trial court finds that the child's testimony at trial is consistent with her disclosures to Dr. Stillman, given all surrounding circumstances. It is difficult for the trial court to understand how evidence of a pattern of abuse perpetrated on this victim by this defendant, rather than evidence of a single incident of abuse as disclosed in the actual trial, could aid Mr. Worthy in his defense.
"The Court, therefore, finds no exculpatory or impeachment evidence in Dr. Stillman's progress notes of her counseling sessions with A.L. which would have been of assistance to the defendant/appellant in the trial of this case ...."
The findings of the trial court are supported by the record on appeal. There was no exculpatory or impeachment evidence with regard to the incident of abuse at issue because the victim's statements at trial and her statements to her therapist were consistent.[1] There also was no evidence that the abuse had not occurred or that it had been committed by anyone other than the appellant. With regard to further abuse by the appellant, the victim told her therapist about additional acts that she did not reveal in open court. However, pursuant to Schaefer v. State, 676 So.2d 947 (Ala.Cr.App.1996), the trial court had the discretion to weigh the probative value of this information against the victim's interest in maintaining her own confidential and privileged records. Given the nature of the information withheld in this case, we conclude that the trial court did not abuse its discretion by determining that disclosure was not required in order for the appellant to receive a fair trial.

II.
The appellant raised two other issues in his direct appeal. The first was that the trial court erred in denying his motion for a judgment of acquittal because, he said, the State failed to show that he had subjected the victim to "sexual contact" as that term is defined in § 13A-6-60(3), Ala. Code 1975. He argued that the victim's testimony established only that he touched her outer clothing without saying anything, which could have been for the purpose of dressing, undressing, or cleaning her, rather than for sexual gratification.
Section 13A-6-60, Ala. Code 1975, defines "sexual contact" as "[a]ny touching of the sexual or intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Here, the victim testified that the appellant "touched me on my private" and then moved his hand and rubbed, hurting her. Evidence that the appellant had fondled the victim's vaginal area through her panties was sufficient, as the statute prohibits "any" touching of a person's intimate parts and does not require proof of skin-to-skin contact.
With regard to the issue of sexual gratification, the intent to gratify the sexual desires of either party may be inferred from the act itself. A.B.T. v. State, 620 So.2d 120 (Ala.Cr.App.1992). Here, the victim was only six years old when the abuse occurred, and she testified that she asked the appellant to stop and that he refused. In addition, the State offered evidence that the appellant had an unnatural sexual desire for young girls, as evidenced by the testimony of his two daughters. Based on the record, the evidence was sufficient to allow the jury to reasonably conclude that the evidence excluded every reasonable hypothesis except the appellant's guilt. Cumbo v. State, 368 So.2d 871 (Ala.Cr. App.1978).

III.
The final issue raised by the appellant was that the trial court erred in allowing his two adult daughters to testify concerning incidents of abuse allegedly committed by *59 him against them when they were teenagers. He argued that the testimony involved "alleged wrongful teenage rape incidents" with "individuals of a different age group" that "were not similar to the alleged crimes" in this case. He also argued that the probative value of the evidence was outweighed by its prejudicial effect.
The record reveals that, in an effort to avoid any objection based on the remoteness, the trial court instructed the prosecutor to limit his questions to events that had occurred less than 10 years before the charged offense. The appellant's 25-year old daughter testified that she and her sister lived with their paternal grandparents after their parents divorced when she was four years old. She said that, from the time she was 13 years old until she left her grandparents' home at the age of 14, the appellant had sexual intercourse with her every time the grandparents left the house. The 23-year old daughter said that, on one occasion when she was 11 years old and her grandparents had left the house, the appellant attempted to put his penis into her vagina and then played with her vagina with his hand. She said that, until she was 12 years old, the appellant limited his actions to fondling her vagina, fondling and sucking her breasts, and sticking his tongue into her mouth. Then, when she was 12, the appellant had sexual intercourse with her on three occasions, after which she arranged never to be alone with him again. On cross-examination of the older daughter, the appellant opened the door to additional testimony that, when she was 9 years old and her sister was 7, the appellant made them put their mouths on each other's vaginas and then said, "[Y]ou know what else to do because I have done it to you."
In Ex parte Hatcher, 646 So.2d 676 (Ala. 1994), evidence of the defendant's rape of one of his minor sisters-in-law was admitted to show his motive for the rape and sexual abuse of another minor sister-in-law. The Alabama Supreme Court stated that testimony concerning the rape was "relevant to the question of Hatcher's motive, which a reasonable person could find was an unnatural sexual desire for small children." Id. at 680. Here, similarly, the appellant's actions with his daughters were relevant to show the motive for his actions with the victim, which, as in Hatcher, supra, the jury reasonably could conclude was an unnatural sexual desire for young children.
The incidents testified to by the appellant's daughters were sufficiently similar to the present offense, as they included evidence from which the jury reasonably could conclude that the appellant was motivated by an unnatural sexual desire for all three of his young female victims.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.
NOTES
[1] It appears from the trial transcript that the prosecutor expected the victim to testify that the appellant had put his hands inside, rather than on top of, her clothing; however, the victim's statement at trial was the same as to the therapist, that the appellant had fondled her through her clothing.